**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1200-17T4

DELCO, LLC,

     Plaintiff-Appellant,

v.

MIDDLE TOWNSHIP PLANNING
BOARD and INSITE DEVELOPMENT
SERVICES, LLC,

     Defendants-Respondents.

_____

> Argued January 8, 2019 – Decided January 31, 2019
>
> Before Judges Accurso, Vernoia and Moynihan.
>
> On appeal from Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0030-17.
>
> William J. Kaufmann argued the cause for appellant (Cafiero & Kaufmann, PA, attorneys; William J. Kaufmann, on the brief).
>
> David A. Stefankiewicz argued the cause for respondent Middle Township Planning Board (Stefankiewicz & Belasco, LLC, attorneys; David A. Stefankiewicz, on the brief).

Robert Beckelman argued the cause for respondent Insite Development Services, LLC (Greenbaum, Rowe, Smith & Davis, LLP, attorneys; Robert Beckelman, of counsel and on the brief).

PER CURIAM

In this prerogative writs action, plaintiff Delco, LLC, appeals from a trial court judgment affirming the site plan approval granted to defendant InSite Development Services, LLC, by defendant Middle Township Planning Board to which Delco had objected. We affirm, substantially for the reasons expressed by Judge Mendez in his written opinion of October 19, 2017.

InSite sought site plan approval for a Starbucks with a drive-thru to be built in Middle Township's Town Center zone. Although restaurants and drive-thrus are a permitted use in the zone, InSite needed certain bulk variances, as well as a variance for buffers and signage and a parking variance. The parking variance was the most problematic and the one at issue on this appeal.

The ordinance required one parking space for each fifty square feet of gross floor area devoted to customer service and one space for each four seats, plus ten on-site stacking spaces for each drive-thru lane.[1] The ordinance did not specify what was intended by the phrase "devoted to customer service." InSite

---

[1] Stacking spaces refer to the number of cars that can be lined up or "stacked" in the queue for the drive-thru.

originally calculated it would require forty-one parking spaces (fifty-two seats requiring thirteen spaces and 1399 square feet devoted to customer service requiring another twenty-eight spaces).  Because InSite planned only twenty-six spaces, its application for site plan approval included a requested variance from the parking requirement.

When the application came before the Board, there was discussion about what was to be included in the floor area "devoted to customer service."  InSite included all its customer seating areas as well as the public restrooms.  One of the Board members asked whether that was a "double dip" and another stated the Board needed a better understanding of the calculation of gross floor area. The Board voted to approve all the requested variances but the parking variance, for which the vote was tied at 3-3.  Rather than have the application go down to defeat, InSite's attorney requested the Board carry the application to permit the applicant to revise the parking.  The Board agreed.

When the application was considered at a subsequent meeting, InSite presented a revised application, which excluded the customer seating areas and restrooms from its calculation of gross floor area "devoted to customer service." That change reduced its gross floor area "devoted to customer service" from 1399 square feet to 252.9 square feet, which, in turn reduced the number of

3

required parking spaces from forty-one to eighteen (fifty-two seats requiring thirteen spaces and 252.9 square feet devoted to customer service requiring another five spaces). Because the plan provided for twenty-six parking spaces, InSite asserted it met the ordinance's requirements and did not need a parking variance. The Board's engineer agreed with InSite's calculations and interpretation of the ordinance, and opined that no parking variance was necessary. The Board agreed and approved the application without a parking variance.

Delco, owner of the property Starbucks was then leasing across the street, filed a complaint in lieu of prerogative writs challenging the site plan approval. Delco argued the Board's action in carrying the application to a subsequent meeting following its denial of the parking variance was arbitrary and capricious and its ultimate interpretation of the ordinance erroneous. Judge Mendez rejected those arguments.

In a clear and comprehensive written opinion, Judge Mendez explained the Board was free to continue the application to another meeting because "the Board never voted on InSite's application, but only on individual waivers and variances." See N.J.S.A. 40:55D-9(a) ("Failure of a motion to receive the number of votes required to approve an application for development shall be

4

deemed an action denying the application.").  The judge noted an applicant's well-settled right to modify a filed application or clarify any relief requested, see Schmidhausler v. Planning Bd. of Borough of Lake Como, 408 N.J. Super. 1, 11 (App. Div. 2009); William M. Cox and Stuart R. Koenig, Current N.J. Zoning and Land Use Administration § 12-3 (2018), and concluded that clarifying the interpretation of the parking ordinance "was a proper reason for the Board to carry over the application."

The judge also emphasized that Delco's due process rights were never compromised by the decision to continue the application.  Judge Mendez found Delco had notice of the modified plans and "every opportunity to participate and challenge the application at both hearings and did so."  Because he concluded the decision to carry the application was not arbitrary but well within the Board's considerable discretion as a quasi-judicial body, Judge Mendez rejected Delco's claim of procedural error.

Turning to the merits, the judge was satisfied the Board's informed interpretation of the ordinance was also sound and entitled to some deference. See DePetro v. Twp. of Wayne Planning Bd., 367 N.J. Super. 161, 174 (App. Div. 2004).  He noted the concern raised by some Board members that interpreting the ordinance to require parking spaces based on the number of seats

5

provided as well as the square footage that includes those seats could result in "double counting."

Reviewing the ordinance de novo, as he was obliged to do, see Fallone Props., L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 561 (App. Div. 2004), Judge Mendez found "the legislative intent of the [o]rdinance was never to double count the same area in determining the required number of parking spaces for a business such as this." He concluded the governing body, in establishing the ordinance's "restaurant, fast-food, drive-through criteria," "never intended to require such a high number of parking spaces for a business that has a drive-thru and only 52 customer seats."

The judge also rejected Delco's argument that the doctrine of judicial estoppel should have barred InSite from changing its method of calculating the required number of parking spaces. He found the doctrine inapplicable because the Board never made a final decision on the application at the initial hearing. InSite's request that the Board not act on its application until it could reconsider the ordinance's parking requirements meant that it did not "successfully assert" its initial interpretation of the ordinance and was thus not estopped from subsequently changing its position. See Cummings v. Bahr, 295 N.J. Super. 374, 387-88 (App. Div. 1996) ("If a court has based a final decision, even in

6

part, on a party's assertion, that same party is thereafter precluded from asserting a contradictory position.").

On appeal, Delco reprises the arguments it made to the trial court, insisting that the defeat of the parking variance effectively denied the application, and adding that the Board thereafter lacked jurisdiction to proceed because Delco failed to publish and mail new notices.

As Judge Mendez explained, the Board never rendered a final decision on InSite's application at the initial hearing. It continued the hearing at the applicant's request. New notices are not required to inform the public that an application will be carried over to another meeting. See Pond Run Watershed Ass'n v. Twp. of Hamilton Zoning Bd. of Adjustment, 397 N.J. Super. 335, 349-50 (App. Div. 2008). We reject the remainder of Delco's arguments for the reasons expressed by Judge Mendez in his carefully reasoned opinion of October 19, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1200-17T4